1

2

3

4

5

6

7

8

9

10                    UNITED STATES DISTRICT COURT

11                   EASTERN DISTRICT OF CALIFORNIA

12                         ----oo0oo----

13  TONY RAYA, JR.,
                                   NO. CIV. 2:09-cv-01325-FCD-GGH
14          Plaintiff,

15      v.                         MEMORANDUM AND ORDER

16  WACHOVIA MORTGAGE,FSB,
    individually and as successor
17  in interest to WORLD SAVINGS
    BANK; ETS Services, LLC;
18  EMILIO LANDEROS; JANINE
    THRASH; and DOES 1 to 10,
19  inclusive,

20          Defendants.

21                         ----oo0oo----

22      This matter is before the court on the motion of defendant

23  Wachovia Mortgage, FSB ("Wachovia") to dismiss plaintiff's First

24  Amended Complaint pursuant to Federal Rule of Civil Procedure

25  ("FRCP") 12(b)(6) and motion to strike portions of the First

26  Amendment Complaint pursuant to FRCP 12(f).  Plaintiff Tony Raya,

27

28

Jr. ("plaintiff" or "Raya") opposes the motion.  For the reasons set forth below,[1] defendants' motion is GRANTED.

### BACKGROUND

Plaintiff brought this action against Wachovia, ETS Services, LLC ("ETS"), Emilio Landeros, and Janine Thrash (collectively, "defendants") for conduct arising out of a loan and subsequent foreclosure activity.  (Pl.'s First Amended Complaint ("Compl."), filed June 25, 2009, ¶ 14.)  Plaintiff alleges that in January and February of 2006, Landeros and Thrash told him that they were loan officers for World Savings Bank, now renamed as Wachovia Mortgage, FSB, and solicited him to refinance his residence.  (Id. ¶ 20; Wachovia's Ex. A.)  Plaintiff alleges that Landeros and Thrash told him that they could get him the "best deal" and the "best interest rates" available on the market.  (Id. ¶ 21.)  Plaintiff claims that he could have qualified for a better loan program but defendants told him that the mortgage loan at issue was the only mortgage loan program that plaintiff could qualify for.  (Id. ¶ 23.)

Prior to the closing of the loan, plaintiff alleges that defendants did not provide him with any loan documentation.  (Id. ¶ 25.)  Plaintiff claims that he discovered that his loan rate would be adjustable only after the closing.  (Id.)  When plaintiff questioned Landeros and Thrash about it, they allegedly asked plaintiff to sign the documents because the loan at issue was the only loan available to him and defendants would "fix it"

---

[1]    Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

later.  (Id.)  Landeros and Thrash also told plaintiff that they
would refinance the loan if the loan ever became unaffordable.
(Id.)

    During the closing, plaintiff alleges that he was given only
a few minutes to sign the loan.  (Id. ¶ 26.)  Plaintiff alleges
that the notary did not explain any of the documents and that
plaintiff was not allowed to review them.  (Id.)  Plaintiff also
alleges that, at the time of closing, he did not receive the
disclosures and the number of copies of the Notice of Right to
Cancel that were required under the Truth In Lending Act
("TILA").[2]  (Id. ¶ 39.)

    On or about May 15, 2006, plaintiff claims that he completed
the loan on the property.[3]  (Id. ¶ 28.)  The terms of the loan
were memorialized in a promissory note secured by a Deed of Trust
on the property.  (Id.)  The Deed of Trust identified World
Savings Bank, FSB as the lender.  (Id.)

    Plaintiff alleges that, on February 10, 2009, a Qualified
Written Request ("QWR") pursuant to the Real Estate Settlement

---

[2]    The court notes that the Federal TILA Disclosure
Required By Regulation Z is dated June 2, 2006 and bears
plaintiff's signature, dated June 5, 2006, acknowledging receipt
of the document.  (Federal Truth In Lending Disclosure Required
By Regulation Z, attached as Def.'s Ex. E.)

       The court also considers that the Notice Of Right To
Cancel is dated June 2, 2006, and bears plaintiff's signature,
dated June 5, 2006, acknowledging the receipt of two copies of
the notice.  (Notice Of Right To Cancel - Refinancing, attached
as Def.'s Ex. F.)  The document states that plaintiff has until
June 8, 2006 to cancel the transaction without cost.  (Id.)

[3]    The court considers that the Deed of Trust bears
plaintiff's signature and is dated June 2, 2006.  (Deed of Trust,
attached as Def.'s Ex. C.)  The attached notary acknowledgment
also bears plaintiff's signature and is dated June 5, 2006.
(Id.)

Procedures Act ("RESPA") was mailed to Wachovia.  (<u>Id.</u> ¶ 29.)
Plaintiff alleges that the QWR also included a demand to cancel
the pending trustee sale and to rescind the loan pursuant to
TILA.  (<u>Id.</u>)

        Plaintiff claims, upon "information and belief," that
defendants sold their home loans to other financial entities and,
accordingly, do not own the loan that is the subject of this
action.  (<u>Id.</u> ¶ 30.)  Plaintiff also makes other general
allegations regarding the practices of the lending industry;
specifically, he claims that borrowers were steered into loans
with less favorable terms because lenders gave higher commissions
for placing borrowers in these types of loans.  (<u>Id.</u>)

        On November 24, 2008, a Notice of Default was filed in
Sacramento County.  (<u>Id.</u> ¶ 40.)  Plaintiff claims that defendants
do not possess the note and are not entitled to payment.  (<u>Id.</u> ¶
42.)

        In his First Amended Complaint, plaintiff asserts claims for
1) violation of TILA, 15 U.S.C. §§ 1601 <i>et seq.</i>; 2) violation of
the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"),
California Civil Code §§ 1788 <i>et seq.</i>, 3) negligence, 4)
violation of RESPA, 12 U.S.C. §§ 2601 <i>et seq.</i>, 5) breach of
fiduciary duty, 6) fraud, 7) violation of California Business and
Professions Code § 17200; 8) breach of contract, 9) breach of
implied covenant of good faith and fair dealing, and 10) wrongful
foreclosure.  (Compl.)  Wachovia now moves to dismiss plaintiff's
claims on grounds of HOLA preemption and plaintiff's failure to
state cognizable claims.  (Wachovia's Mem. Mot. Dismiss
("Wachovia's Mem."), filed Sept. 18, 2009.)  Wachovia also moves

to strike portions of plaintiff's First Amended Complaint,
specifically plaintiff's pleas for punitive damages in the Third
and Sixth claims, and for attorney's fees in the Eighth and Ninth
claims.[4]

## STANDARD

Under Federal Rule of Civil Procedure 8(a), a pleading must
contain "a short and plain statement of the claim showing that
the pleader is entitled to relief."  See Ashcroft v. Iqbal, 129
S. Ct. 1937, 1949 (2009).  Under notice pleading in federal
court, the complaint must "give the defendant fair notice of what
the claim is and the grounds upon which it rests."  Bell Atlantic
v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations
omitted).  "This simplified notice pleading standard relies on
liberal discovery rules and summary judgment motions to define
disputed facts and issues and to dispose of unmeritorious
claims."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the
complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319,
322 (1972).  The court is bound to give plaintiff the benefit of
every reasonable inference to be drawn from the "well-pleaded"
allegations of the complaint.  Retail Clerks Int'l Ass'n v.
Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not
allege "'specific facts' beyond those necessary to state his
claim and the grounds showing entitlement to relief.  Twombley,
550 U.S. at 570.  "A claim has facial plausibility when the

---

[4]      Because, as set forth infra, the court grants
defendant's motion to dismiss in its entirety, the court does not
reach the merits of the motion to strike.  Accordingly, the
motion is DENIED as MOOT.

1   plaintiff pleads factual content that allows the court to draw

2   the reasonable inference that the defendant is liable for the

3   misconduct alleged."  Iqbal, 129 S. Ct. at 1949.

4       Nevertheless, the court "need not assume the truth of legal

5   conclusions cast in the form of factual allegations." United

6   States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

7   Cir. 1986).  While Rule 8(a) does not require detailed factual

8   allegations, "it demands more than an unadorned, the defendant-

9   unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949.  A

10  pleading is insufficient if it offers mere "labels and

11  conclusions" or "a formulaic recitation of the elements of a

12  cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at

13  1950 ("Threadbare recitals of the elements of a cause of action,

14  supported by mere conclusory statements, do not suffice.").

15  Moreover, it is inappropriate to assume that the plaintiff "can

16  prove facts which it has not alleged or that the defendants have

17  violated the . . . laws in ways that have not been alleged."

18  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council

19  of Carpenters, 459 U.S. 519, 526 (1983).

20      Ultimately, the court may not dismiss a complaint in which

21  the plaintiff has alleged "enough facts to state a claim to

22  relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949

23  (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570

24  (2007)).  Only where a plaintiff has failed to "nudge [his or

25  her] claims across the line from conceivable to plausible," is

26  the complaint properly dismissed.  Id. at 1952.  While the

27  plausibility requirement is not akin to a probability

28  requirement, it demands more than "a sheer possibility that a

6

1    defendant has acted unlawfully." <u>Id.</u> at 1949.   This plausibility

2    inquiry is "a context-specific task that requires the reviewing

3    court to draw on its judicial experience and common sense." <u>Id.</u>

4    at 1950.

5        In ruling upon a motion to dismiss, the court may consider

6    only the complaint, any exhibits thereto, and matters which may

7    be judicially noticed pursuant to Federal Rule of Evidence 201.

8    See <u>Mir v. Little Co. Of Mary Hospital</u>, 844 F.2d 646, 649 (9th

9    Cir. 1988); <u>Isuzu Motors Ltd. V. Consumers Union of United</u>

10   <u>States, Inc.</u>, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

11                              **ANALYSIS**

12   **A.   Wachovia's Exhibits**

13       In ruling upon a motion to dismiss, the court may also

14   consider matters which may be judicially noticed pursuant to

15   Federal Rule of Evidence 201.   See <u>Mir v. Little Co. of Mary</u>

16   <u>Hospital</u>, 844 F.2d 646, 649 (9th Cir. 1988); <u>Isuzu Motors Ltd. v.</u>

17   <u>Consumers Union of United States, Inc.</u>, 12 F. Supp.2d 1035, 1042

18   (C.D. Cal. 1998).   "Even if a document is not attached to a

19   complaint, it may be incorporated by reference into a complaint

20   if the plaintiff refers extensively to the document or the

21   document forms the basis of the plaintiff's claim." <u>United</u>

22   <u>States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003).   "The

23   defendant may offer such a document, and the district court may

24   treat such a document as part of the complaint, and thus may

25   assume that its contents are true for purposes of a motion to

26   dismiss under Rule 12(b)(6)." <u>Id.</u>   The policy concern underlying

27   the rule is to prevent plaintiffs "from surviving a Rule 12(b)(6)

28   motion by deliberately omitting references to documents upon

which their claims are based." <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 706 (9th Cir. 1998).

Plaintiff's complaint alleges several causes of action that are premised on defendants' failure to provide the disclosures and number of copies of the Notice of Right to Cancel as required by TILA. (Compl. ¶ 39.) Accordingly, as these documents form the basis of the relevant causes of action, the court considers them and assumes that the contents are true for the purpose of a motion to dismiss.

**B.   TILA Violation**

The First claim asserts that Wachovia violated TILA by failing to provide the required disclosures to plaintiff at the time of closing and failing to give clear and conspicuous disclosures. (Compl. ¶ 49.) Through the complaint, plaintiff also gives notice and demands rescission of the loan transaction. (<u>Id.</u> ¶ 54.) Wachovia moves to dismiss the count on grounds that: (1) the claim for damages is time-barred by the one-year statute of limitation; (2) plaintiff fails to plead sufficient facts to state a cognizable claim of relief; and (3) plaintiff's claim for rescission fails because he has not alleged ability to tender the indebtedness. (Wachovia's Mem. at 2.)

**1.   Claim For Damages**

Wachovia argues that the claim for damages arising under TILA is time-barred because plaintiff's one-year statute of limitation ran on June 2, 2007 and plaintiff did not file this suit until May 14, 2009. (<u>Id.</u> at 6.) Plaintiff, however, relies on equitable tolling to suspend the statute of limitations.

1  (Pl.'s Opp'n Mot. Dismiss ("Pl.'s Opp'n"), filed Sept. 18, 2009,
2  at 12.)

3       TILA violations include the failure to provide the required
4  disclosures pursuant to 15 U.S.C. § 1631 and the failure to
5  clearly and conspicuously disclose information relating to the
6  "annual percentage rate" and the "finance charge" pursuant to 15
7  U.S.C. § 1632.  To recover damages arising from alleged TILA
8  violations, a plaintiff must file an action to recover damages
9  "within one year from the date of the occurrence of the
10  violation."  15 U.S.C. § 1640(e).  However, in certain
11  circumstances, equitable tolling of civil damages claims brought
12  under TILA might be appropriate.  See King v. State of
13  California, 784 F.2d 910, 915 (9th Cir. 1986).  The doctrine of
14  equitable tolling may be appropriate when the imposition of the
15  statute of limitations would be unjust or would frustrate TILA's
16  purpose "to assure a meaningful disclosure of credit terms so
17  that the consumer will be able to ... avoid the uninformed use of
18  credit."  Id. (quoting 15 U.S.C. § 1601(a)).  District courts,
19  therefore, have the discretion to evaluate specific claims of
20  equitable tolling and adjust the limitations period accordingly
21  when the borrower may not have reasonable opportunity to discover
22  the fraud or nondisclosures that give rise to a TILA action.  Id.

23       In this case, plaintiff alleges that he consummated the loan
24  on or about May 15, 2006.  (Compl. ¶ 28.)  The loan documents are
25  dated either June 2, 2006 or June 5, 2006.  (Wachovia's Ex.s B,
26  C, E, F.)  Accordingly, as plaintiff did not bring the claim
27  until May 14, 2006, more than one year has passed since the
28  alleged TILA violations.

1    To support the claim, plaintiff alleges that he did not
2  receive any loan documentation, including the disclosures
3  required by TILA, prior to the closing. (<u>Id.</u> ¶¶ 25, 39.)
4  Plaintiff also alleges that, during the closing, plaintiff did
5  not receive the required copies of a proper notice of
6  cancellation. (<u>Id.</u> ¶ 26.) However, the loan documents
7  specifically referred by plaintiff in his complaint show that
8  plaintiff acknowledged on June 5, 2006 that he received the TILA
9  disclosure and the Notice Of Right To Cancel. (Wachovia's Ex.s
10 E, F.) Accordingly, plaintiff cannot allege that Wachovia
11 violated TILA by failing to provide these required disclosures or
12 that he was not aware of these disclosures in June 2006.

13   Plaintiff also alleges that defendants failed to provide
14 clear and conspicuous disclosures regarding the loan terms in
15 writing. (Compl. ¶ 34.) The allegation is refuted by the
16 Federal TILA Required By Regulation Z form, which "clearly and
17 conspicuously" states the annual percentage rate and finance
18 charge. (Wachovia's Ex. E.) Plaintiff therefore cannot allege a
19 TILA violation premised on the failure to disclose these loan
20 terms in writing or that he was not on notice of these terms in
21 June 2006. Therefore, plaintiff's claim of TILA violations
22 predicated on these facts cannot survive a motion to dismiss and
23 the court need not reach the issue of equitable tolling.

24   To the extent that plaintiff seeks equitable tolling on the
25 basis of Wachovia's misrepresentations of the loan rate,
26 plaintiff's claim also fails. Plaintiff pleads no other facts to
27 explain how Wachovia concealed the true facts or why plaintiff
28 could not otherwise have discovered the TILA violations at the

consummation of his loan.  "Such factual underpinnings are all
the more important ... since the vast majority of [p]laintiff's
alleged violations under TILA are violations that are
self-apparent at the consummation of the transaction." <u>Cervantes
v. Countrywide Home Loans, Inc.</u>, 2009 U.S. Dist. LEXIS 87997, at
** 13-14 (D. Ariz. 2009) (holding that equitable tolling was not
appropriate when plaintiffs simply alleged that defendants
"fraudulently misrepresented and concealed the true facts related
to the items subject to disclosure").  Indeed, plaintiff alleges
that he discovered that his loan rate would be adjustable after
the closing, which is well within the one-year statute of
limitation.  (Compl. ¶ 25.)

Accordingly, Wachovia motion to dismiss plaintiff's claim
for damages is GRANTED without leave to amend.

**2.   Claim For Rescission**

Wachovia argues that plaintiff's rescission claim fails
because plaintiff's right to rescind expired on June 8, 2008.
(Wachovia's Mem. at 7.)  Plaintiff argues that Wachovia has
forfeited the right to restitution in allegedly failing to make
the required disclosures and refusing to honor plaintiff's
election to cancel made through the QWR.  (Pl.'s Opp'n at 14.)

"TILA provides two private remedies: damages and
rescission."  <u>Shelley v. Quality Loan Serv. Corp.</u>, 2009 U.S.
Dist. LEXIS 58156, at *5 (C.D. Cal. June 17, 2009).  A borrower
has the right to rescind the loan transaction "until midnight of
the third business day following the consummation of the
transaction or the delivery of the information and rescission
forms ... together with a statement containing the material

11

disclosures." 15 U.S.C. § 1635(a).  However, where the required forms and disclosures have not been delivered to the obligor, 15 U.S.C. § 1635(f) provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."

As plaintiff has a right to rescind the loan within three years only if Wachovia has not provided the documents required by TILA, plaintiff cannot state a claim for relief.  Plaintiff acknowledged receipt of the TILA disclosure and Notice Of Right To Cancel on June 5, 2006.  (Wachovia's Exs. E, F.)  Therefore, plaintiff's right to rescind expired on June 8, 2006.

Furthermore, the Ninth Circuit has held that rescission under TILA "*should* be conditioned on repayment of the amounts advanced by the lender."  Yamamoto v. Bank of N.Y., 329 F. 3d 1167, 1170 (9th Cir. 2003) (emphasis in original).  District courts in this circuit have dismissed rescission claims under TILA at the pleading stage based upon the plaintiff's failure to allege an ability to tender loan proceeds.  See, e.g., Garza v. Am. Home Mortgage, 2009 U.S. Dist. LEXIS 7448, at *15 (E.D. Cal. Jan. 27, 2009) (stating that "rescission is an empty remedy without [the borrower's] ability to pay back what she has received"); Ibarra v. Plaza Home Mortgage, 2009 U.S. Dist. LEXIS 80581, at *22 (S.D. Cal. Sept. 4, 1009); Carnero v. Weaver, 2009 U.S. Dist. LEXIS 62665, at *8 (N.D. Cal. July 20, 2009); Pesayco v. World Sav., Inc., 2009 U.S. Dist. LEXIS 73299, at *4 (C.D. Cal. July 29, 2009); Ing Bank v. Korn, 2009 U.S. Dist. LEXIS 73329, at *7 (W.D. Wash. May 22, 2009).  In this case, plaintiff

has failed to allege any facts relating to his ability to tender the loan principal.

Accordingly, Wachovia's motion to dismiss plaintiff's rescission claims is also GRANTED.

**C.   RESPA Violation**

The Fourth claim alleges that Wachovia violated 12 U.S.C. § 2605 by failing to provide a written explanation in response to plaintiff's QWR. (Compl. ¶ 71.)  Plaintiff also generally alleges that Wachovia failed to comply with RESPA's disclosure requirements at the time of closing and that defendants engaged in a pattern or practice of non-compliance with 12 U.S.C. § 2605. (Id. ¶¶ 70, 72.)  Wachovia moves to dismiss this claim on grounds that the claim is time-barred and that plaintiff fails to plead a cognizable claim.  (Defs.' Mem. at 10-11.)

**1.   Section 2605**

Section 2605 requires a loan servicer to provide disclosures relating to the assignment, sale, or transfer of loan servicing to a potential or actual borrower: (1) at the time of the loan application, and (2) at the time of transfer.  12 U.S.C. § 2605. The loan servicer also has a duty to respond to a borrower's inquiry or "qualified written request."  12 U.S.C. § 2605(e).  A qualified written request is a written correspondence that enables the servicer to identify the name and account of the borrower.  12 U.S.C. § 2605(e)(1).  It also either includes a statement describing why the borrower believes that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.  Id.  The loan servicer is required to respond by making appropriate

13

1  corrections to the borrower's account, if necessary and, after

2  conducting an investigation, providing the borrower with a

3  written clarification or explanation.  12 U.S.C. § 2605(e)(2).

4  The statute of limitation to bring an action for a Section 2605

5  violation is three years.  12 U.S.C. § 2614.

6      Plaintiff alleges that he sent a QWR to Wachovia Mortgage,

7  FSB on February 10, 2009 and has yet to receive a response.

8  (Compl. ¶ 29.)  As plaintiff's complaint is filed well within the

9  statute of limitation, plaintiff's claim is not time-barred.

10      Wachovia argues that plaintiff's purported QWR does not meet

11 the description in Section 2605(e)(1) because the allegations

12 reflect that the "QWR" did not challenge the accuracy of the

13 account or information regarding servicing of the loan.

14 (Wachovia's Mem. at 11.)  Pursuant to § 2605(i), "'servicing'

15 means receiving any scheduled periodic payments from a borrower .

16 . . and making the payments of principal and interest and such

17 other payments with respect to the amounts received from the

18 borrower."  According to the allegations in the complaint, the

19 February 10, 2009 letter "simply disputed the validity of the

20 loan and not its servicing."  Consumer Solutions REO, LLC v.

21 Hillery, -- F. Supp. 2d --, 2009 WL 2711264 (Aug. 26, 2009 N.D.

22 Cal. 2009); see MorEquity, Inc. v. Naeem, 118 F. Supp. 2d 885,

23 900-01 (N.D. Ill. 2000) (noting that the "[t]he counterclaim

24 alleges [that the request alleged] a forged deed, and

25 irregularities with respect to the recoding of the two loans, but

26 [made] no claim with respect to improper servicing" and therefore

27 dismissing claim pursuant to § 2605(e)).  As such, plaintiff has

28

failed to set forth facts alleging that he sent a valid and
actionable QWR to defendant.

Wachovia also argues that plaintiff's failure to allege
actual damages is fatal to the claim. (Id. at 11.) A claim of a
RESPA violation cannot survive a motion to dismiss when the
plaintiff does not plead facts showing how the plaintiff suffered
actual harm due to defendant's failure to respond to a qualified
written response. See Benham v. Aurora Loan Servs., 2009 U.S.
Dist. LEXIS 91287, at **10-11 (N.D. Cal. Oct. 1, 2009); Singh v.
Wash. Mut. Bank, 2009 U.S. Dist. LEXIS 73315, at *16 (N.D. Cal.
Aug. 19, 2009). While courts interpret this requirement
liberally, the plaintiff must at least allege what or how the
plaintiff suffered the pecuniary loss. See Yulaeva v. Greenpoint
Mortgage Funding, Inc., 2009 U.S. Dist. LEXIS 79094, at *44 (E.D.
Cal. Sept. 3, 2009) (holding that the plaintiff's claim was
sufficient to survive a motion to dismiss because the plaintiff
alleged that she was made to pay a referral fee that was
prohibited by RESPA); Hutchinson v. Del. Sav. Bank FSB, 410 F.
Supp. 2d 374, 383 (D.N.J. 2006) (holding that the plaintiffs
adequately pled actual damages when they alleged that they
suffered "negative credit ratings on their credit reports [and]
the inability to obtain and borrow another mortgage loan and
other financing"). Here, plaintiff does not allege how plaintiff
suffered actual damages as a result of Wachovia's failure to
respond to the QWR. Therefore, plaintiff has not sufficiently
pled facts showing a cognizable RESPA violation.

Plaintiff also claims that defendants engaged in a pattern
or practice of non-compliance of 12 U.S.C. § 2605 but alleges no

facts relating to Wachovia's conduct that suggest such an
inference.[5]  As it is inappropriate to assume that plaintiff "can
prove facts which it has not alleged," this assertion also cannot
survive a 12(b)(6) motion.

Accordingly, Wachovia's motion to dismiss the Fourth claim
as predicated on a Section 2605 violations is GRANTED.

**2.   Section 2607**

RESPA also requires a lender to provide disclosures when it
pays fees, salaries, or other forms of compensation to its agents
or pursuant to referral agreements between real estate agents and
brokers or affiliated business arrangements.  12 U.S.C. §
2607(c).  This disclosure may occur during closing.  <u>Id.</u>  The
statute of limitation to bring an action for a Section 2607
violation is three years.  12 U.S.C. § 2614.  Plaintiff alleges
that Wachovia violated RESPA at the time of closing because
Wachovia did not comply with disclosure requirements.  (Compl. ¶
70.)  However, plaintiff fails to identify what the disclosures
are.  As such, plaintiff's general allegation is insufficient to
give Wachovia notice of the purported violation.  Accordingly,
Wachovia's motion to dismiss the Fourth claim as predicated on a
Section 2605 violations is GRANTED.[6]

/////

/////

_____

[5]     Plaintiff later alleges a possible violation of 12
U.S.C. § 2607(a) but gives no facts supporting this allegation.
(Pl.'s Opp'n at 20 n.16.)

[6]     In its opposition, plaintiff also vaguely references §
2601.  Contrary to plaintiff's assertion, 12 U.S.C. § 2601 is a
declaration of the legislative purpose underlying RESPA and does
not create a violation for failing to disclose escrow costs.

**D.    Violation Of The RFDCPA**

The Second claim asserts that Wachovia violated the RFDCPA and provides a litany of general allegations "including but not limited to: foreclosing upon a void security interest; foreclosing upon a note of which [defendants] were not in possession nor otherwise entitled to payment; falsely stating the amount of a debt; increasing the amount of a debt by including amounts that are not permitted by law or contract; and using unfair and unconscionable means in an attempt to collect a debt." (Id. ¶ 57.)  Plaintiff argues that HOLA does not preempt the RFDCPA because the Act is not a lending regulation; rather, it only regulates the practice of collecting a debt once a loan is made.  (Pl.'s Opp'n at 10.)

The purpose of the RFDCPA is "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts."  Cal. Civ. Code § 1788.1(b).  A debt collector violates the act when it engages in harassment, threats, the use of profane language, false simulation of the judicial process, or when it cloaks its true nature as a licensed collection agency in an effort to collect a debt.  See Cal. Civ. Code §§ 1788.10-88.18; see also Hernandez v. Cal. Reconveyance Co., 2009 U.S. Dist. LEXIS 13936, at * 13 (E.D. Cal. Feb. 23, 2009) (holding that a RFDCPA claim failed because the complaint lacked allegations of harassment or abuse, false or misleading representations of the debt collector's identity, or unfair practices during the process of collecting debt).  The RFDCPA is not applicable until after a loan is made and does not

17

constitute a lending regulation.   See Alkan v. Citimortgage, Inc., 336 F. Supp. 2d 1061, 1064 (N.D. Cal. 2004).   Moreover, foreclosing on a deed of trust does not implicate the RFDCPA. See e.g. Benham v. Aurora Loan Servs., 2009 U.S. Dist. LEXIS 78384, at *6 (N.D. Cal. Sept. 1, 2009); Ricon v. Recontrust Co., 2009 U.S. Dist. LEXIS 67807, at *9 (S.D. Cal. Aug. 4, 2009); Hepler v. Wash. Mut. Bank, F.A., 2009 U.S. Dist. LEXIS 33883, at *11 (C.D. Cal. April 17, 2009).

Plaintiff's complaint fails to allege any facts supporting how Wachovia violated the RFDCPA.   Plaintiff neither alleges threats, harassment, or profane language that occurred after the loan was made nor does plaintiff identify who among the defendants acted as a debt collector.   Plaintiff also does not point to any provision of the RFDCPA that Wachovia purportedly violated.   Plaintiff alleges only that Wachovia does not possess the promissory note and thus is not entitled to enforce the security interest.   (Compl. ¶ 116.)   This does not constitute an actionable conduct under the RFDCPA.   See Hafiz v. Greenpoint Mortgage Funding, Inc., 2009 U.S. Dist. LEXIS 60818 (N.D. Cal. July 15, 2009) (finding that the plaintiff "entirely misstate[d] the law in alleging that defendants must present a note in order to foreclose under the deed of trust" and holding that alleging that the note was assigned to a trust pool did not give rise to a cognizable legal claim).   Without any facts that give rise to an

inference that Wachovia violated the RFDCPA, plaintiff has not
stated a plausible claim.[7]

Accordingly, Wachovia's motion to dismiss the Second claim
is GRANTED.[8]

**E.   Breach Of Contract and Breach Of Covenant Of Good Faith And
Fair Dealing**

The Eighth claim asserts that Wachovia, together with
Landeros and Thrash, breached agreements made during the loan
application process and also breached an agreement to provide
plaintiff with an affordable loan.  (Id. ¶¶ 98-101.)  The Ninth
claim asserts that Wachovia, together with Landeros, Thrash, and
ETS, breached duties of good faith and fair dealing that are
implied by law into the "contract that is at issue in this
action."

In California, "[a] cause of action for breach of contract
requires proof of the following elements: (1) existence of the
contract; (2) plaintiff's performance or excuse for
nonperformance; (3) defendant's breach; and (4) damages to
plaintiff as a result of the breach."  CDF Firefighters v.

---

[7]     Plaintiff attempts to rescue his RFDCPA claim by later
alleging in his opposition that defendants made "numerous phone
calls, sent letters, and otherwise misrepresented material
facts."  (Pl.'s Opp'n at 17.)  Making numerous phone calls and
sending letters does not constitute actionable offenses under the
RFDCPA.  See Cal. Civ. Code §§ 1788.10-88.18.  Alleging that
defendants misrepresented material facts, without more, is a
legal conclusion that does not give Wachovia sufficient notice of
the nature of the claim because not every misrepresentation is
actionable under the RFDCPA.

[8]     As the court grants Wachovia's motion to dismiss
plaintiff's RFDCPA claim on the ground that plaintiff has pled
insufficient facts to state a claim, the court does not address
whether HOLA preempts the RFDCPA.

Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).  Further, "[t]he prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties."  Smith v. City & County of San Francisco, 225 Cal. App. 3d 38, 49 (1990).  "To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract."  Fortaleza v. PNC Fin. Servs. Group, Inc., 2009 U.S. Dist. LEXIS 64624, at **15-16 (N.D. Cal. July 27, 2009).  The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract."  Pasadena Live, LLC v. City of Pasadena, 114 Cal. App. 4th 1089, 1093-1094 (2004).  "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself."  Wolf v. Walt Disney Pictures and Television, 162 Cal. App. 4th 1107, 1120 (2008).

Plaintiff generally alleges in the complaint that all named defendants breached a number of agreements but fails to identify which defendant made which contract with plaintiff.  The allegations on the face of the complaint are insufficient to give notice to Wachovia of the contract that it allegedly entered into with plaintiff or how Wachovia breached that particular

contract.[9]   Therefore, plaintiff has insufficiently pled facts to survive a motion to dismiss.

Accordingly, Wachovia's motion to dismiss the Eighth and Ninth claims is GRANTED.[10]

**F.   Wrongful Foreclosure**

The Tenth claim asserts a wrongful foreclosure claim against Wachovia, together with ETS, that is predicated on violations of Section 2923.5 of the California Civil Code and Section 3301 of the California Commercial Code.  (Compl. ¶¶ 115, 118.)

**1.   California Civil Code § 2923.5**

Section 2923.5 of the California Civil Code provides that a declaration shall be included in a notice of default stating that "the mortgagee, beneficiary, or authorized agent . . . has contacted the borrower . . . or tried with due diligence to contact the borrower."  In support of this claim, plaintiff only alleges that Wachovia failed to properly record and give notice of the Notice of Default.  (Compl. ¶ 118.)  This allegation is insufficient to state a cognizable violation of Section 2923.5. Accordingly, to the extent that plaintiff's claim is predicated on a violation of Section 2923.5, plaintiff's claim fails.

/////

/////

---

[9]    In the Opposition to Wachovia's Motion To Dismiss, plaintiff refers to the promissory note as the contract at issue in this claim.  While the court grants plaintiff leave to amend, the court also notes that plaintiff's factual allegations regarding the provisions in the promissory note do not comport with the actual statements in the document.  (Wachovia's Ex. B.)

[10]    As the court grants Wachovia's motion for plaintiff's failure to plead sufficient facts, the court does not reach the issue of whether HOLA preempts these claim.

1        **2.    California Commercial Code § 3301**

2         Section 3301 of the California Commercial Code defines a

3    "[p]erson entitled to enforce" as "(a) the holder of the

4    instrument, (b) a nonholder in possession of the instrument who

5    has the rights of a holder, or (c) a person not in possession of

6    the instrument who is entitled to enforce the instrument . . . ."

7    However, possession of the original promissory note is not

8    required to permit foreclosure.  See e.g. Rangel v. DHI Mortg.

9    Co., Ltd., 2009 U.S. Dist. LEXIS 65674, at *24 (E.D. Cal. July

10   20, 2009); Pantoja v. Countrywide Home Loans, Inc., 2009 U.S.

11   Dist. LEXIS 70856, at *14 (N.D. Cal. July 9, 2009); Calderon v.

12   Endres, 2009 U.S. Dist. LEXIS 57936, at *8 (S.D. Cal. July 7,

13   2009).  A mere allegation that a trustee or a lender does not

14   have the original note or has not received it is insufficient to

15   render the foreclosure proceeding invalid.  See Neal v. Juarez,

16   2007 U.S. Dist. LEXIS 98068, 2007 WL 2140640, *8 (S.D. Cal.

17   2007).

18        In his complaint, plaintiff merely alleges that neither

19   defendants nor their beneficiaries or assignees are in possession

20   of the promissory note.  (Compl. ¶ 116.)  The allegation fails to

21   support plaintiff's claim as a matter of law.  Moreover, even

22   construing plaintiff's complaint liberally, plaintiff's

23   allegation is predicated on "information and belief"  that

24   defendants sold home loans to other unnamed financial entities.

25   (Compl. ¶ 30.)  Plaintiff sets forth no facts to support this

26   allegation.  Therefore, plaintiff has not stated sufficient facts

27   to show a violation of Section 3301.

28

22

1    Accordingly, Wachovia's motion to dismiss the Tenth claim is
2    GRANTED.[11]

3    **G.   Negligence**

4        The Third claim asserts that Wachovia, together with
5    Landeros, Thrash, and ETS, breached a duty of care by directing
6    plaintiff to a loan that he would not otherwise have qualified
7    for by industry standards.  (Compl. ¶ 61.)  Plaintiff argues that
8    HOLA does not preempt the claim because plaintiff does not seek
9    to impose a lending requirement on defendants but to enforce
10   defendants' duty not to harm the plaintiff.  (Pl.'s Opp'n at 11.)

11       In the field of lending regulation of federal savings
12   associations, the presumption against preemption of state law is
13   inapplicable.  <u>See</u> <u>Silvas v. E*Trade Mortgage Corp.</u>, 514 F.3d
14   1001, 1004 (9th Cir. 2008).  Through HOLA, OTS issued a
15   preemption regulation that "occupies the entire field of lending
16   regulation for federal savings associations."  <u>See</u> 12 U.S.C. §
17   1464; 12 C.F.R. § 560.2.  The regulations promulgated by OTS have
18   "no less preemptive effect than federal statutes."  <u>See</u> <u>Fid. Fed.</u>
19   <u>Sav. & Loan Ass'n v. de la Cuesta</u>, 458 U.S. 141, 153 (1982).

20       Section 560.2(b) of Title 12 of the Code of Federal
21   Regulations preempts state laws that purport to impose
22   requirements regarding:

23       "(4) The terms of credit, including amortization of loans
         and the deferral and capitalization of interest and
24       adjustments to the interest rate, balance, payments due, or
         term to maturity of the loan, including the circumstances
25       under which a loan may be called due and payable upon the
         passage of time or a specified event external to the loan;
26

27   _____
     [11]   As the court grants Wachovia's motion to dismiss on the
28   ground that plaintiff fails to plead a cognizable claim, the
     court does not address the issue of HOLA preemption.

                                  23

(5) Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees;

...

(9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;

(10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages ..."

12 C.F.R. § 560.2(b).

However, Section 560.2 does not preempt state laws such as contract and commercial law and tort law, but only to the extent that they either only have an incidental effect on lending operations or are not otherwise contrary to the purpose of "allowing federal savings associations to conduct their operations ... free from undue regulatory duplication and burden". 12 C.F.R. § 560.2(a), (c).

To analyze whether a specific state law is preempted under § 560.2, the first inquiry is whether the type of law is listed in subsection (b) of Section 560.2. See Silvas, 514 F.3d at 1005. If the type of law in question is listed in paragraph (b), the analysis ends; the law is preempted. Id. If the law is not described in subsection (b), the second question is whether the law affects lending. Id. If the law affects lending, the law is presumed preempted. Id. The presumption is reversed only when it can be shown that the law only incidentally effects lending operations or does not impose undue regulatory duplication and burden. Id.; 12 C.F.R. § 560.2(a), (c). Any doubts are resolved in favor of preemption. Silvas, 514 F.3d at 1005.

24

1    Though not artfully pled, the complaint alleges that
2    Wachovia's employees, namely Trash and Landeros, should have
3    informed plaintiff of other loan options instead of directing
4    plaintiff to a loan that he could not afford.  (Compl. ¶¶ 5, 61-
5    62.)  Whether plaintiff could have qualified for another loan
6    involves a discussion of the credit terms and the requirements to
7    qualify for a loan.  This falls within the descriptions set forth
8    in 22 C.F.R. §§ 560.2(b)(4) and (9).  <u>See</u> <u>Rivera v. Wachovia</u>
9    <u>Bank</u>, 2009 U.S. Dist. LEXIS 68391, at **2-3, *7 (S.D. Cal. Aug.
10   4, 2009) (finding that plaintiff's allegations that the lender
11   induced him to sign the loan documents although knowing that the
12   plaintiff could not afford the mortgage payments involved a
13   discussion of credit terms; thus, HOLA preempted the state law
14   claims including the tort claim).  Additionally, whether Wachovia
15   should have told plaintiff about other loan options is related to
16   the advertising of loans, fitting the description set forth in 22
17   C.F.R. § 560.2(b)(9).  As a determination in plaintiff's favor
18   will more than incidentally affect loan qualification and
19   advertising standards, plaintiff's negligence claim is preempted
20   by HOLA.

21   Furthermore, even if HOLA preemption does not apply,
22   plaintiff's negligence claim is fatally flawed because Wachovia,
23   as a lender, does not owe plaintiff a duty.  "The question of the
24   existence of a legal duty of care . . .  presents a question of
25   law which is to be determined by the courts alone."  <u>First</u>
26   <u>Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler</u>, 210 F.3d
27   983, 987 (9th Cir. 2000).  "Absent the existence of duty ... ,
28   there can be no breach and no negligence."  <u>Nichols v. Keller</u>, 15

Cal. App. 4th 1672, 1683 (1993).  "Under California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, except[] those imposed due to special circumstance."  Resolution Trust Corp. v. BVS Dev., 42 F.3d 1206, 1214 (9th Cir. 1994) (citing Nymark v. Heart Fed. Sav. & Loan Ass'n., 231 Cal. App. 3d 1089, 1096 (1991)); see also Cataulin v. Wash. Mut. Bank, 2009 U.S. Dist. LEXIS 59708, at *6 (S.D. Cal. July 13, 2009); Spencer v. DHI Mortgage Co., 2009 U.S. Dist. LEXIS 55191, at *8 (E.D. Cal. June 30, 2009); Mangindin v. Wash. Mut. Bank, 2009 U.S. Dist. LEXIS 51231, at *21 (N.D. Cal. June 17, 2009).  Special circumstances arise when a lender actively participates in the financed enterprise.  See Nymark, 231 Cal. App. 3d at 1096; Wagner v. Benson, 101 Cal. App. 3d 27, 35 (1980).  A lender may also be secondarily liable through the actions of a mortgage broker, who has a fiduciary duty to its borrower-client, if there is an agency relationship between the lender and the broker.  See Plata v. Long Beach Mortg. Co., 2005 U.S. Dist. LEXIS 38807, at *23 (N.D. Cal. Dec. 13, 2005).

    In his complaint, plaintiff describes nothing more than an arms-length loan transaction between Wachovia and himself. Plaintiff also does not allege that Wachovia actively participated in the financed enterprise beyond the usual practices associated with the lending business.  As such, Wachovia owes plaintiff no duty of care and the negligence claim must fail also for this reason.

    Accordingly, Wachovia's motion to dismiss the Third claim is GRANTED without leave to amend.

/////

## H.   Breach Of Fiduciary Duty

The Fifth claim asserts that Wachovia, together with Landeros and Thrash, breached their fiduciary duties to act primarily for plaintiff's benefit by allegedly obtaining a loan with unfavorable terms, failing to disclose the negative consequences of the loan, and securing a secret profit by failing to comply with TILA, RESPA and engaging in unfair business practices.  (Compl. ¶¶ 79-81.)

Plaintiff's claim fails for the same reason the negligence claim fails.  "Absent special circumstances, a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender." Rangel v. DHI Mortgage Co., Ltd., 2009 U.S. Dist. LEXIS 65674, at *8 (E.D. Cal. July 20, 2009); see also e.g. Tasaranta v. Homecomings Fin., 2009 U.S. Dist. LEXIS 87372, at *15 (S.D. Cal. Sept. 21, 2009); Brittain v. IndyMac Bank, FSB, 2009 U.S. Dist. LEXIS 84863, at * 14 (N.D. Cal. Sept. 16, 2009); Dinsmore-Thomas v. Ameriprise Fin., Inc., 2009 U.S. Dist. LEXIS 68882, at *29 (C.D. Cal. Aug. 3, 2009).  In the absence of any fiduciary duty, there can be no breach.

Because, as set forth above, plaintiff has failed to allege any facts that would give rise to a fiduciary relationship, defendants' motion to dismiss the Fifth claim is GRANTED.

## I.   Fraud

The Sixth claim asserts that the conduct of Wachovia, together with Thrash, Landeros, and ETS, constitutes fraud. (Compl. ¶¶ 85-91.)  Specifically, plaintiff's complaint alleges that Wachovia's employees, Landeros and Thrash, made the following false allegations in January and February 2006: (a)

27

that they could get him the "best deal" and the "best interest rates" available on the market; (b) that Plaintiff could qualify for only the loan program at issue; and (c) that Plaintiff qualified for a fixed rate loan with an interest rate of 5%. (Compl. ¶¶ 20-24.)  Plaintiff also alleges that on or about May 15, 2006, when he closed on the loan, defendants Landeros and Thrash falsely assured plaintiff that: (a) they would "fix" the loan after plaintiff discovered that it had an adjustable rate; and (b) that they would refinance the loan into an affordable loan if the loan ever became unaffordable.  (<u>Id.</u> ¶ 25.)  In addition to HOLA preemption, Wachovia moves to dismiss this count also on the ground that plaintiff fails to plead with the required specificity. (Wachovia's Mem. at 12-13.)

The court first addresses whether HOLA preempts this claim. "Under California law, 'the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1105 (quoting <u>Hackethal v. Nat'l Cas. Co.</u>, 189 Cal. App. 3d 1102, 1111 (1987)).  While this is a state law claim that is not specifically listed in 12 C.F.R. 560.2(b), "it is arguable that [p]laintiff's claim is preempted by HOLA pursuant to [§] 560.2(b)(4) because the gravamen of th[is] fraud ... claim[] is the 'terms of credit.'"  <u>Bassett v. Ruggles</u>, 2009 U.S. Dist. LEXIS 83349, at *58 (E.D. Cal. Sept. 14, 2009); <u>see also</u> <u>Naulty v. Greenpoint Mortgage Funding, Inc.</u>, 2009 U.S. Dist. LEXIS 79250, at *14 (N.D. Cal. Sept. 2, 2009); <u>Wilkerson v. World S&L Ass'n</u>, 2009 U.S. Dist. LEXIS 76539, at *10 (E.D. Cal. Aug. 26, 2009); <u>Kelley v. Mortgage Elec. Registration</u>

1  <u>Sys., Inc.</u>, 2009 U.S. Dist. LEXIS 70796, at *11 (N.D. Cal. Aug.

2  12 2009).  However, HOLA does not preempt a common law fraud

3  claim that incidentally effects lending operations.  <u>See</u> 12

4  C.F.R. § 560.2(c).

5      In this case, HOLA preempts this claim to the extent that

6  plaintiff alleges that Wachovia, through its employees, misled

7  him about credit terms to induce him to enter into a loan with an

8  interest rate higher than an alternative one for which he may

9  have been qualified.  <u>See Bassett</u>, 2009 U.S. Dist. LEXIS 83349,

10 at *60.  Plaintiff's allegations that Landeros and Thrash induced

11 him to enter into a loan by promising to "fix" or refinance the

12 loan, however, are fraudulent representations of their commitment

13 to a future action.  A determination of a fraud claim based on

14 these facts turns on defendants' conduct and plaintiff's

15 reliance, not credit terms.  <u>Cf. In re Ocwen Loan Servicing, LLC</u>,

16 491 F.3d 638, 644 (7th Cir. 2007) ("[If] the mortgagee

17 fraudulently represents to the mortgagor that it will forgive a

18 default, and then forecloses, it would be surprising for a

19 federal regulation to bar a suit for fraud.").  Accordingly, to

20 the extent that the fraud claim is predicated on the promises of

21 future action made by Wachovia's employees, HOLA does not

22 necessarily preempt this claim.

23      However, plaintiff's fraud claim must satisfy FRCP 9(b)'s

24 heightened pleading requirement.  This means that plaintiff "must

25 state with particularity the circumstances constituting fraud."

26 Fed. R. Civ. P. 9(b).  In other words, the plaintiff must include

27 "the who, what, when, where, and how" of the fraud.  <u>Id.</u> at 1106

28 (citations omitted).  "The plaintiff must set forth what is false

29

1  or misleading about a  statement, and why it is false." <u>Decker v.</u>

2  <u>Glenfed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994).  Furthermore,

3  "Rule 9(b) does not allow a complaint to merely lump multiple

4  defendants together but require[s] plaintiffs to differentiate

5  their allegations when suing more than one defendant . . . and

6  inform each defendant separately of the allegations surrounding

7  his alleged participation in the fraud."  <u>Swartz v. KPMG LLP</u>, 476

8  F.3d 756, 765-66 (9th Cir. 2007).  The purpose of Rule 9(b) is to

9  ensure that defendants accused of the conduct specified have

10  adequate notice of what they are alleged to have done, so that

11  they may defend against the accusations. <u>Concha v. London</u>, 62

12  F.3d 1493, 1502 (9th Cir. 1995).

13      When asserting a fraud claim against a corporation, "the

14  plaintiff's burden . . . is even greater. . . . The plaintiff

15  must 'allege the names of the persons who made the allegedly

16  fraudulent representations, their authority to speak, to whom

17  they spoke, what they said or wrote, and when it was said or

18  written.'"  <u>Lazar v. Superior Court</u>, 12 Cal. 4th 631, 645 (1996)

19  (quoting <u>Tarmann v. State Farm Mut. Auto. Ins. Co.</u>, 2 Cal. App.

20  4th 153, 157 (1991)); <u>see also Mohammad Akhavein v. Argent</u>

21  <u>Mortgage Co.</u>, 2009 U.S. Dist. LEXIS 61796, at *10 (N.D. Cal. July

22  17, 2009); <u>Spencer v. DHI Mortgage Co.</u>, 2009 U.S. Dist. LEXIS

23  55191, at *18 (E.D. Cal. June 30, 2009).

24      Plaintiff alleges that Landeros and Thrash are Wachovia's

25  employees.  (Compl. ¶ 20.)  Plaintiff alleges that, at the loan

26  closing, Landeros and Thrash made misrepresentations that they

27  would fix the loan and refinance it when it became unaffordable.

28  (<u>Id.</u> ¶ 25.)  Plaintiff also specifies that the allegedly false

statements, which are the alleged assurances of future conduct, induced him into signing the loan documents.  (<u>Id.</u>)  However, plaintiff has not set forth any specific facts explaining why the assurances were false and misleading.  Therefore, plaintiff's allegations are insufficient to meet FRCP 9(b)'s heightened pleading standard.

Accordingly, Wachovia's motion to dismiss the Sixth claim is GRANTED.

**J.   Violation of California Business & Professions Code § 17200.**

The Seventh claim asserts that Wachovia, together with Landeros, Thrash, and ETS, violated Section 17200 of the California Business & Professions Code by engaging in unlawful, unfair, and fraudulent business practices.  (Compl. ¶ 94.) Plaintiff predicates this claim on all the other purported statutory and common law violations alleged in the complaint. (Pl.'s Opp'n at 25.)

The Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.*, forbids acts of unfair competition, which includes "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "The UCL is broad in scope, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." <u>People ex rel. Gallegos v. Pacific Lumber Co.</u>, 158 Cal. App. 4th 950, 959 (2008) (internal citations omitted).

To the extent that this claim is premised on negligence and breach of fiduciary duty, HOLA preempts this claim for the reasons mentioned *supra*.  To the extent that this claim is

1  predicated on TILA,[12] RESPA, the RFDCPA, fraud, breach of

2  contract, breach of implied covenant of good faith and fair

3  dealing, and wrongful foreclosure, this claim fails for the same

4  reasons set forth above.

5      Accordingly, Wachovia's motion to dismiss the Seventh claim

6  is GRANTED.

7                          **CONCLUSION**

8      For the foregoing reasons, Wachovia's motion to dismiss is

9  GRANTED.  Plaintiff is granted fifteen (15) days from the date of

10 this order to file a second amended complaint in accordance with

11 this order.  Defendants are granted thirty (30) days from

12 the date of service of plaintiff's second amended complaint to

13 file a response thereto.

14     IT IS SO ORDERED.

15 DATED: October 22, 2009

16                         _____
                           FRANK C. DAMRELL, JR.
17                         UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27     [12]   HOLA also preempts this claim based on a TILA violation
28 for another reason; TILA concerns lending requirements and fits
   squarely within the description in 12 C.F.R. § 560.2(b).

                               32