UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TONY RAYA, JR.,

        Plaintiff,

  v.

WACHOVIA MORTGAGE, WORLD
SAVINGS BANK, EMILIO LANDEROS,
JANINE THRASH, and DOES 1-20
inclusive,

        Defendants.
_____/

Civ. No. S-09-1325 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motion of defendant Wachovia Mortgage[1] to dismiss plaintiff Tony Raya Jr.'s ("plaintiff") second amended complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). On February 9, 2010, plaintiff filed an opposition to defendant's motion to dismiss, which included a statement of non-opposition to dismissal of

---

[1] Wachovia Mortgage, FSB, was formerly known as World savings Bank, FSB.

1

plaintiff's claims under the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). (Pl.'s Opp'n Mot. Dismiss, filed Feb. 9, 2010, n.3.) Accordingly, plaintiff's TILA and RESPA claims are dismissed.

Dismissal of the TILA and RESPA claims leaves the complaint devoid of any federal claims. The remaining claims are state law claims for negligence, violation of the California Rosenthal Act, breach of fiduciary duty, fraud, violation of California Business and Professions Code §§ 17200 *et seq.*, breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful foreclosure. (Pl.'s Second Am. Compl. ("Compl.").)

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.")(quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)). In

accordance with 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

Accordingly, plaintiff's complaint is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: February 19, 2010.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE